IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ERIC MILES HENDRIX,
   Plaintiff,
     v.

WALTON COUNTY, GEORGIA, et al.,
   Defendants.

CIVIL ACTION FILE
NO. 1:11-CV-2886-TWT

ORDER

This is a civil rights action. It is before the Court on the Defendants' Motion to Dismiss [Doc. 4]. For the reasons set forth below, the Court GRANTS the Defendants' Motion to Dismiss [Doc. 4].

I. Background

On August 28, 2009, while an inmate in the Walton County jail, Eric Hendrix partially severed his left middle finger after catching it in a cell door. Jail staff placed Hendrix's finger on ice and transported it to Walton Regional Medical Center. Unfortunately, the treating physician, Dr. Douglas Kasow, was unable to reattach the finger. Dr. Kasow noted that Hendrix's finger "was not properly handled to decrease the risk of frost bite." (Compl. ¶ 15.) Dr. Kasow ultimately performed a revision

amputation. Hendrix allegedly has suffered fever, infection, and great pain as a result of the incident.

On August 29, 2011, Hendrix sued Walton County, CorrectHealth Walton LLC, Joe Chapman (the Sheriff of Walton County), and Kevin Little (the Chairman of the Board of Commissioners of Walton County) [Doc. 1]. The Complaint includes claims under 42 U.S.C. § 1983 and state law [Doc. 1]. The Plaintiff asserts that customs and policies in place at the Walton County jail caused an improper medical response to his injury. On September 20, 2011, the Defendants filed a Motion to Dismiss [Doc. 4]. Hendrix did not file a response.

## II. Motion to Dismiss Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citations and quotations omitted). In ruling on a motion to dismiss, the court must accept factual allegations as true and construe them in the light most favorable to the plaintiff. See Quality Foods de Centro America, S.A. v. Latin American

Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983). Generally, notice pleading is all that is required for a valid complaint. See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Twombly, 550 U.S. at 555).

### III. Discussion

#### A. Official Capacity Claims Against Little

The Defendants have moved to dismiss the official capacity claims against Kevin Little. "For liability purposes, a suit against a public official in his official capacity is considered a suit against the local government entity he represents." Gonser v. Twiggs County, 182 F. Supp. 2d 1253, 1256 (M.D. Ga. 2002) (quoting Owens v. Fulton County, 877 F.2d 947, 951 n.5 (11th Cir.1989)). "When suit is also filed against the government entity, it is appropriate for the Court to dismiss the named defendants in their official capacities as 'redundant and possibly confusing to the jury.'" Id. (quoting Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991)). Here, Hendrix sued Little, in his official capacity, as well as Walton County, the entity Little represents. For this reason, the Plaintiff's official capacity claims against Little are dismissed.

B.  Individual Capacity Claims Against Little

The Plaintiff also asserts claims against Little in his individual capacity. Hendrix does not, however, state any facts specific to Little. The Complaint does not allege that Little was at the jail or that he participated in the medical response to Hendrix's injury. Further, the Plaintiff does not claim that Little had any authority to set policy at the jail. See Grech v. Clayton County, 335 F.3d 1326, 1336 (11th Cir. 2003) ("In contrast to the State, counties have no authority or control over, and no role in, Georgia sheriffs' law enforcement function."). Indeed, the Complaint does not allege that Little took any action related to the Plaintiff's injuries. For these reasons, the Plaintiff's individual capacity claims against Little are dismissed.

C.  Official Capacity Claims Against Chapman

The Defendants have moved to dismiss the official capacity claims against Joe Chapman. Hendrix claims that Chapman adopted a policy or practice that resulted in the Plaintiff's injuries. (See Compl. ¶ 21.) The Defendants contend that Chapman is entitled to Eleventh Amendment immunity in his role as Sheriff of Walton County. "The Eleventh Amendment protects a State from being sued in federal court without the State's consent." Manders v. Lee, 338 F.3d 1304, 1308 (11th Cir. 2003). "To receive Eleventh Amendment immunity, a defendant need not be labeled a 'state officer' or 'state official,' but instead need only be acting as an 'arm of the State,'

which includes agents and instrumentalities of the State." Id. A sheriff "functions as an arm of the State . . . when promulgating policies and procedures governing conditions of confinement at the [county jail]." Purcell v. Toombs County, 400 F.3d 1313, 1325 (11th Cir. 2005). Thus, Sheriff Chapman is entitled to Eleventh Amendment immunity for any policies he promulgated at the Walton County jail. See id. (extending Eleventh Amendment immunity to sheriff for role in administering jail). For this reason, the Plaintiff's official capacity claims against Chapman are dismissed.

### D. Individual Capacity Claims Against Chapman

The Plaintiff has also brought claims against Chapman in his individual capacity. To the extent that Hendrix alleges respondeat superior liability, "[i]t is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003) (quoting Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999)). "Instead, supervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." Id.

Here, Hendrix does not allege that Chapman personally participated in the acts that caused his injury. The Plaintiff does not claim that Chapman severed his finger,

improperly handled his severed finger, or treated his injury. Indeed, beyond promulgating a policy in the Walton County jail, Hendrix does not allege that Chapman took any action related to his injury. For these reasons, the Plaintiff's individual capacity claims against Chapman are dismissed.

E.  Claims Against Walton County

The Defendants have moved to dismiss the claims against Walton County. The Plaintiff claims that Walton County "has adopted a formal or informal policy, that is, a rule, ordinance, regulation, custom, pattern or practice which gave rise to the violation of the Plaintiffs [sic] civil rights in this case." (Compl. ¶ 20.) To establish liability based on a custom or practice, the Plaintiff "(1) must show that the local governmental entity, here the county, has authority and responsibility over the governmental function in issue and (2) must identify those officials who speak with final policymaking authority for that local governmental entity concerning the act alleged to have caused the particular constitutional violation in issue." Grech, 335 F.3d at 1330.

Here, the Plaintiff does not specify what custom or practice caused his injury. Further, the Plaintiff's injuries occurred while he was incarcerated in the Walton County jail. The jail is under the control of the Sheriff. "In contrast to the State, counties have no authority or control over, and no role in, Georgia sheriffs' law

enforcement function." Id. at 1336. Thus, Walton County did not have "authority and responsibility" for the policies and customs inside the jail. Id. at 1330. For these reasons, the Plaintiff's claims against Walton County are dismissed.

## IV. Conclusion

For the reasons set forth above, the Court GRANTS the Defendants' Motion to Dismiss [Doc. 4].

SO ORDERED, this 3 day of November, 2011.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge